# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF GEORGIA

### ALBANY DIVISION

FLORIDA FOUNDATION SEED
PRODUCERS, INC.,
    **Plaintiff**

       **versus**

GEORGIA FARMS SERVICES, LLC, and
WILLIAM DOUGLAS WINGATE,
    **Defendants**

\*
\*
\*
\*
\*
\*
\*
\*
\*

CASE NO.: *1:10-CV-125 (WLS)*

## COMPLAINT AND JURY DEMAND

Plaintiff, Florida Foundation Seed Producers, Inc. brings this Complaint against Defendants, Georgia Farm Services, LLC and William Douglas Wingate. Plaintiff asserts the following allegations in support of its complaint:

### The Plaintiff

1.    Florida Foundation Seed Producers, Inc. ("FFSP") is a University of Florida "direct-support organization" established as a non-profit corporation existing under the laws of the state of Florida[1] with its principal place of business in Marianna, Florida.

### The Defendants

2.    Defendant, Georgia Farm Services, LLC is a limited liability company organized under the laws of state of Georgia with its principal place of business in Leesburg, Georgia, and may be served through its Registered Agent, William Douglas Wingate, at 132 Fifth Street, Leesburg, Georgia 31763.

---

[1] F.S.A. § 1004.28.

298570                             1

3.      Defendant, William Douglas Wingate is an individual that is over the age of majority, and is a resident and domiciliary of Dougherty County, Georgia and may be served at his residence address, 330 Osprey Ridge Court, Albany, Georgia 31763.

## Jurisdiction and Venue

4.      Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims arise under the laws of the United States, as well as 28 U.S.C. § 1338, which grants the district courts original jurisdiction over any civil action arising under any Act of Congress regarding plant variety protection.  This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case and controversy to the claims for which the district court has original jurisdiction.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## General Allegations

6.      The Florida Agricultural Experiment Station ("FAES") is a world-renowned research organization in agriculture and natural resources and carries out the research mission of the Institute of Food and Agricultural Sciences of the University of Florida.  In fulfilling its research mission, FAES has conducted extensive research in food and horticultural crops, with the aim of improving production practices, developing new and novel varieties of crops and plants, and developing desirable traits and characteristics of such crops and plants.  The results of many years of research and the investment of significant economic resources by FAES have led to the development of improved agricultural commodities, food crops, and agronomic methods.  Advances by FAES in agricultural research have provided enhanced crops and greater opportunities for growers to produce a stable and abundant food supply.

7.     One area of research by FAES has focused on the development of peanut varieties that have enhanced agronomic characteristics, such as improved yields and resistance to plant pests and diseases. FAES has also sought to improve the healthful characteristics of peanuts, and it has developed varieties that have enhanced oleic acid profiles, resulting in peanuts and peanut oils that promote better human cardiovascular health.  One such improved peanut variety developed by FAES is the "Florida-07" variety.

8.     The "Florida-07" peanut variety is protected under the Plant Variety Protection Act, 7 U.S.C. § 2481 *et seq.* ("PVPA"), which grants patent-like protection to novel varieties of sexually reproduced plants such as peanuts.  PVP Certificate No. 200800069 was issued to FAES for the "Florida-07" peanut variety on June 5, 2008.[2]

9.     The PVPA also gives the owner of a protected variety the option of specifying that all sales of the variety be made only as a class of certified seed, meaning that the seed must complete a certification process which approves its variety and purity.  The PVP Certificate for "Florida-07" specifies that it may only be sold as a class of certified seed.

10.     FFSP facilitates the licensing of intellectual property rights obtained by way of the research activities of the FAES, including those rights granted under the Plant Variety Protection Act.  In short, Florida Foundation Seed Producers, Inc. assists the University of Florida and the Florida Agricultural Experiment Station in commercializing their protected intellectual property, including plant varieties protected by the Plant Variety Protection Act.

11.     FAES assigned its entire right, title, and interest in PVP Certificate No. 200800069 to FFSP.  Thus, FFSP is the owner of PVP Certificate No. 200800069 and is entitled to enforce the rights granted by the Certificate.

---

[2] A copy of PVP Certificate No. 200800069 is attached hereto as **Exhibit A.**

12.     FFSP licenses the production of "Florida-07" peanut seed to seed producers through a limited-use license, also referred to as a "Seed Agreement." This license grants a limited right to produce "Florida-07" peanut seed and to sell that seed to peanut growers.

13.     Among other things, the terms of the limited-use license requires that any and all sales of "Florida-07" seed be completed only as a class of certified seed. Thus, sales of uncertified "Florida-07" peanut seed are prohibited. The license also mandates the labeling of each seed bag and each invoice with a notice that "Florida-07" is protected by certain U.S. intellectual property rights, and the communication of actual notice of the intellectual property rights to purchasers of the seed.

14.     Georgia Farm Services, LLC ("GFS") executed a Seed Agreement to produce and market "Florida-07" peanut seed which became effective on January 21, 2009.

15.     In the spring of 2010, just prior to peanut planting season, GFS offered to sell, and sold, four (4) lots of uncertified "Florida-07" peanut seed to peanut growers for planting.

16.     On information and belief, GFS still has at least ten (10) lots of uncertified "Florida-07" peanut seed in its inventory.

### COUNT ONE -Infringement of Plant Variety Protection Certificate

17.     Each and every allegation set forth in the above numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

18.     A variety owner's PVPA rights are infringed under 7 U.S.C. § 2541 when, among other things, the protected variety is offered for sale, or sold, without the authority of the owner, or the variety is distributed in a form that can be propagated without notice that it is a protected variety.

20.     At all relevant times, GFS had actual notice that "Florida-07" was protected by a PVP Certificate.

298570                                              4

21.     As set forth above, GFS offered for sale, and sold, uncertified "Florida-07" peanut seed without authorization in violation of 7 U.S.C. § 2541. Accordingly, Plaintiffs' have a right of civil action against GFS pursuant to 7 U.S.C. § 2561.

22.     Defendant, William Douglas Wingate, instigated, or actively induced, the unauthorized use and sale of "Florida-07" by GFS in violation of 7 U.S.C. § 2541.  Accordingly, Plaintiffs' have a right of civil action against Wingate pursuant to 7 U.S.C. § 2561.

23.     On information and belief, the Defendants have been, and may be continuing to, infringe by using, offering to sell, selling, or otherwise transferring "Florida-07" peanut seed without authorization, and will continue to do so unless enjoined by this Court.

24.     Plaintiffs' are entitled to injunctive relief in accordance with the principals of equity to prevent the infringement of rights secured by the PVPA pursuant to 7 U.S.C. § 2563.

25.     Plaintiffs' are entitled to damages equate to compensate for the infringement, although in no event less than a reasonable royalty, pursuant to 7 U.S.C. § 2564, together with interest and cost to be taxed to the infringer.  Further, such damages should be trebled in light of the Defendants' knowing, willful, conscious, and deliberate infringement of the PVP rights at issue.

## COUNT TWO – Breach of Contract

26.     Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

27.     In January 2009, GFS entered into a limited-use licensing agreement with FFSP for the "Florida-07" peanut variety.   The license granted GFS limited rights to produce and sell "Florida-07" peanut seed subject to express conditions.  Among other things, the terms of the license required that the "Florida-07" be sold only as a class of certified seed and tagged as such.

298570                                                    5

The license also required that GFS provide actual notice to each purchaser of "Florida-07" peanut seed of the intellectual property rights and protections granted upon that seed.

28.     GFS sold uncertified "Florida-07" peanut seed to growers for planting without authorization.  GFS also failed to provide its purchasers of "Florida-07" seed actual notice of the intellectual property protections granted to the "Florida-07" variety.

29.     The conduct of GFS, as set forth above, breached the limited-use license with FFSP for the "Florida-07" peanut variety.

30.     As a direct and proximate result of this breach, FFSP has been damaged and is entitled to damages for the breach of the limited-use license.

### Request for Jury Trial

31.     Plaintiffs demand a jury trial on all issues so triable.

**WHEREFORE,** Plaintiff Florida Foundation Seed Producers, Inc. respectfully requests that Defendants, Georgia Farms Services, LLC and William Douglas Wingate, be required to appear and answer the allegations of this Complaint, and that after due proceedings are had, there be judgment in favor of Plaintiff and against Defendants for the following remedies:

A.     Entry of judgment that Defendants are infringing and have infringed Plaintiff's PVPA rights, and that such infringement has been willful;

B.     Entry of an injunction against Defendants enjoining them from selling or otherwise transferring any "Florida-07" peanut seed;

C.     Entry of a permanent injunction against Defendants enjoining them from using, offering for sale, selling, dispensing, conditioning, or stocking "Florida-07" peanut seed, and requiring the destruction of all remaining "Florida-07" peanut seed in Defendant's inventory;

D.     Entry of judgment for damages for the infringement of Plaintiffs' PVPA rights;

298570

E.   Entry of judgment for damages, together with interest, costs, and attorney's fees, to compensate for the unlawful breach of contractual rights by Defendants;

F.   Entry of judgment for costs, expenses, and attorney's fees incurred by Plaintiff; and

G.   Such other relief as may be just and proper.

298570

Respectfully submitted,

WILLIAM P. LANGDALE, III
Georgia Bar No. 435910

CHRISTINA L. FOLSOM
Georgia Bar No. 267260
**LANGDALE VALLOTTON, LLP**
1007 North Patterson Street
Post Office Box 1547
Valdosta, GA 31603
(229) 244-5400 – telephone
(229) 244-5475 – facsimile
plangdale@langdalelaw.com
tfolsom@langdalelaw.com

**and**

Joel E. Cape (LA. Bar #26001)
Garrett W. Thalgott (LA. Bar #30970)
**FRILOT, L.L.C.**
1100 Poydras Street
3700 Energy Centre
New Orleans, LA  70163-3700
Telephone:     504-599-8012
Facsimile:     504-599-8112
jcape@frilot.com
gthalgott@frilot.com

**Attorneys for Plaintiff Florida Foundation Seed
Producers, Inc.**

298570