**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **FLORIDA FOUNDATION SEED PRODUCERS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 1:10-CV-125 (WLS)** |
| | ) | |
| **GEORGIA FARM SERVICES, LLC, and WILLIAM DOUGLAS WINGATE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GEORGIA FARM SERVICES, LLC** | ) | |
| | ) | |
| **Third-Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GEORGIA CROP IMPROVEMENT ASSOCIATION, INCORPORATED,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |
| | ) | |

## ANSWER, DEFENSES AND THIRD-PARTY COMPLAINT

NOW COMES Georgia Farm Services, LLC ("GFS") and William Douglas Wingate ("Wingate") (collectively "Defendants"), and hereby assert their Answer, Defenses and Third-Party Complaint in response to the Complaint and Jury Demand filed by Florida Foundation Seed Producers, Inc. ("FFSP" or "Plaintiff").

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is estopped from asserting claims against Defendants.

## THIRD DEFENSE

Defendants plead the affirmative defense of license.

## FOURTH DEFENSE

Defendants plead the affirmative defense of payment.

## FIFTH DEFENSE

Defendants plead the affirmative defense of waiver.

## SIXTH DEFENSE

Defendants were fraudulently induced by Georgia Crop Improvement

Association, Inc. to engage in conduct related to the allegations of the complaint.

## SEVENTH DEFENSE

Defendants plead the affirmative defense of laches.

## EIGHTH DEFENSE

Defendants have not infringed any valid plant variety protection act certificate.

## NINTH DEFENSE

Defendant Wingate is not in privity of contract with Plaintiff.

## TENTH DEFENSE

Defendants have not caused any damages to Plaintiff.

## ELEVENTH DEFENSE

Defendants have not engaged in unlawful conduct.

## TWELFTH DEFENSE

Defendants acted with authorization from the Georgia Department of Agriculture.

**THIRTEENTH DEFENSE**

Defendants have not acted willfully with respect to any allegations in the complaint.

**FOURTEENTH DEFENSE**

Defendants plead the defense of unclean hands.

**FIFTEENTH DEFENSE**

Plaintiff has not suffered irreparable harm as a result of any conduct engaged in by Defendants.

**SIXTEENTH DEFENSE**

For its further defenses, Defendants respond as follows to the numbered paragraphs of Plaintiff's Complaint.

-1-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-2-

Admitted.

-3-

Admitted.

-4-

Defendants admit subject matter jurisdiction is proper before this Court and deny any remaining allegations in this paragraph.

-5-

Defendants admit that venue is proper before this Court and deny any remaining allegations of this paragraph.

-6-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-7-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-8-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-9-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-10-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-11-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-12-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-13-

Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore, deny each and every allegation set forth herein.

-14-

Admitted.

-15-

Denied.

-16-

Denied.

## COUNT ONE
## Alleged Infringement of Plant Variety Protection Certificate

-17-

Defendants adopt and incorporate their previous responses as if fully set forth herein.

-18-

This paragraph does not assert a factual allegation and need not be responded to. Subject to and without waiver of the foregoing, any allegations of this paragraph are denied.

-19-

[Paragraph 19 does not appear in plaintiff's complaint]

-20-

Denied.

-21-

Denied.

-22-

Denied.

-23-

Denied.

-24-

Denied.

-25-

Denied.

## COUNT TWO
## Alleged Breach of Contract

-26-

Defendants adopt and incorporate their previous responses as if fully set forth

herein.

-27-

GFS admits it is party to a license with FFSP for the "Florida-07" peanut variety,

states such license speaks for itself, and denies any remaining allegations of this

paragraph.

-28-

Denied.

-29-

Denied.

-30-

Denied.

-31-

Defendants seek a jury trial on all issues so triable.

WHEREFORE, Defendants deny Plaintiff is entitled to any relief sought through the Complaint or any other relief and respectfully request this Court dismiss Plaintiff's claims with prejudice and award all costs and expenses in favor of Defendants.

## THIRD-PARTY COMPLAINT

NOW COMES Georgia Farm Services, LLC ("GFS") and pursuant to Rule 14 of the Federal Rules of Civil Procedure hereby asserts third-party claims as follows:

-1-

GFS is a limited liability company organized under the laws of the State of Georgia with a principal place of business in Leesburg, Georgia.

-2-

Third-party claim defendant Georgia Crop Improvement Association, Incorporated ("GCIA") is a non-profit corporation organized and existing under the laws of the State of Georgia and may be served with process on its registered agent Terry Hollifield at 2425 South Milledge Avenue, Athens, Georgia 30605.

-3-

Subject matter jurisdiction is proper before this Court.

-4-

Venue is proper in this district and division pursuant to 28 U.S.C. §1391 and Local Rule 3.4.

-5-

GCIA is the legal certifying agency for seed in Georgia.

-6-

GCIA should treat all sellers of seed equally and fairly.

-7-

GCIA should not provide false information to sellers of seed.

-8-

On or about April 15, 2010, GFS ordered certification tags from GCIA for the four lots of "Florida-07" peanut seed at issue in Plaintiff's Complaint.

-9-

On or about Friday, April 16, 2010, Joy McCracken ("McCracken"), an employee of GCIA, represented to Douglas Wingate of GFS that she would overnight the requested certification tags to GFS for delivery on Saturday, April 17, 2010.

-10-

In making such statement, McCracken was acting within the scope of her employment with GCIA.

-11-

In reliance on the representation made by McCracken, GFS promised its customers that it would deliver on April 17, 2010 the "Florida-07" peanut seed ordered by its customers.

-12-

GFS's customers are farmers who, in reliance on GFS's promise to deliver "Florida-07" peanut seed, had laborers and equipment in the field ready to plant the seeds on Saturday, April 17, 2010.

-13-

Despite the representation by GCIA, GCIA did not ship certification tags to GFS such that the tags would arrive at GFS on Saturday, April 17, 2010.

-14-

GCIA's representation that GCIA would deliver certification tags to GFS on Saturday, April 17, 2010 was false.

-15-

GCIA subsequently represented that it would ship the certification tags on Wednesday, April 21, 2010 or Thursday, April 22, 2010 of the following week.

-16-

Despite this representation, GCIA did not ship the requested tags and the tags did not arrive at GFS Wednesday, April 21, 2010 or Thursday, April 22, 2010.

-17-

GCIA's representation that GCIA would deliver certification tags to GFS on April 21, 2010 or April 22, 2010 was false.

-18-

The four lots of "Florida-07" peanut seeds at issue in the Complaint met the criteria for certification by GCIA.

-19-

In order to keep its promises to its customers, GFS had no choice but to deliver four lots of "Florida-07" peanut seeds to its customers on Saturday, April 17, 2010.

-20-

Prior to doing so, GFS informed GCIA of what it intended to do and that it had no choice but to deliver the four lots in light of the misrepresentations made by GCIA.

-21-

On Saturday, April 17, 2010, GFS immediately notified the Georgia Department of Agriculture through Richard Downer that it would ship the four lots of "Florida-07" peanut seed to its customers, and that it had no choice but to ship the four lots in light of misrepresentations made by GCIA.

-22-

On Monday, April 19, 2010, GFS again notified the Georgia Department of Agriculture through Aida Galarza that it had shipped the four lots of "Florida-07" peanut seeds to its customers, and that it had no choice but to ship the four lots in light of the misrepresentations made by GCIA.

-23-

The Georgia Department of Agriculture told GFS to take the tags to the farmers once GFS received the certification tags from GCIA.

-24-

At or around the time it delivered the four lots of "Florida-07" peanut seeds to its customers, GFS informed Plaintiff that it was delivering the seeds.

-25-

At that time, Plaintiff informed GFS to take the tags to the farmers once GFS received the certification tags from GCIA.

-26-

GCIA never delivered the tags requested for the four lots of "Florida-07" peanut seed at issue in this matter.

-27-

GCIA is not justified in its failure to provide GFS with the tags as requested.

**COUNT I**
**Tortious Interference with Business Relations**

-28-

GFS adopts and incorporates its previous allegations as if fully set forth herein.

-29-

By misrepresenting to GFS that it would issue certification tags for the four lots of "Florida-07" peanut seed at issue in this matter, GCIA tortiously interfered with the business relationship between GFS and FFSP.

-30-

GCIA is the cause of and responsible for any liability incurred by GFS with respect to the claims asserted by FFSP against GFS in the complaint.

**COUNT II**
**Fraud**

-31-

GFS adopts and incorporates its previous allegations as if fully set forth herein.

-32-

GCIA represented to GFS that on April 17, 2010 GCIA would deliver to GFS certificate tags for the four lots of "Florida-07" peanut seeds at issue in this matter.

-33-

This representation was false, made with intent and made for purposes of deceiving GFS.

-34-

GFS justifiably relied on this representation to its detriment by promising GFS's customers it would deliver "Florida-07" peanut seed to its customers on April 17, 2010.

-35-

GCIA further represented it would deliver the requested certification tags on April 21 or April 22, 2010.

-36-

This representation was also false, made with intent and made for purposes of deceiving GFS.

-37-

GFS justifiably relied on GCIA's representations to its detriment.

-38-

GFS's justifiable reliance on misrepresentations made by GCIA has caused GFS to be sued for damages and injunctive relief by FFSP.

-39-

GCIA is the cause of and responsible for any liability of GFS in this matter with respect to claims asserted by FFSP against GFS.

## COUNT III

### Negligent Misrepresentation

-40-

Plaintiffs incorporate all preceding paragraphs of this Complaint as if such paragraphs were repeated verbatim.

-41-

As set forth above, GCIA made representations to GFS regarding the issuance and delivery of certification tags for the "Florida-07" peanut seeds at issue in this matter.

-42-

GCIA had a duty to exercise ordinary care to ensure that its representations regarding issuance and delivery of the tags to GFS were true and accurate.

-43-

GFS relied upon GCIA's representations with regard to the issuance and delivery of certification tags in its treatment of "Florida-07" peanut seed at issue in this matter.

-44-

GCIA's representations concerning the issuance and delivery of certification tags to GFS were inaccurate and wrong.

-45-

GCIA breached their duty of ordinary care.

-46-

GFS incurred damages as a consequence of GCIA's misrepresentations.

-47-

GCIA is the cause of and responsible for any liability of GFS in this matter with respect to claims asserted by FFSP against GFS.

## COUNT IV
## Attorney's Fees

-48-

GFS adopts and incorporates its previous allegations as if fully set forth herein.

-49-

GFS is entitled to recover reasonable attorney's fees and costs of litigation as a result of GCIA's wrongful conduct pursuant to O.C.G.A. § 13-6-11.

WHEREFORE GFS respectfully requests that this Court:

1. Enter judgment for damages against GCIA and in favor of GFS to the extent GFS is liable for any claims asserted by FFSP against GFS;

2. Grant GFS a jury trial on all issues so triable;

3. Award attorney's fees, prejudgment and post-judgment interest, and costs of litigation in favor of GFS;

4. Dismiss with prejudice all claims asserted by Plaintiff in this matter; and

5. Award GFS such different and further relief as may be appropriate under the circumstances of this matter.

Respectfully submitted this the 15th day of October 2010.

FLYNN PEELER & PHILLIPS, LLC

**/s/Charles E. Peeler**

CHARLES E. PEELER

Georgia State Bar No. 570399

Post Office Box 7 (31702)

517 West Broad Avenue

Albany, GA 31701

Telephone: 229-446-4886

Fax: 229-446-4884

Email: cpeeler@fpplaw.com

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **FLORIDA FOUNDATION SEED PRODUCERS, INC.,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.: 1:10-CV-125 (WLS)** |
| ) | |
| **GEORGIA FARM SERVICES, LLC, and WILLIAM DOUGLAS WINGATE,** )<br>) | |
| ) | |
| **Defendants.** ) | |
| ) | |

| | |
|---|---|
| **GEORGIA FARM SERVICES, LLC** ) | |
| ) | |
| **Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GEORGIA CROP IMPROVEMENT ASSOCIATION, INCORPORATED,** )<br>) | |
| ) | |
| **Third-Party Defendant.** )<br>) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2010, I caused a true and correct copy of the foregoing ANSWER, DEFENSES, AND THIRD-PARTY COMPLAINT to be electronically filed through the Court's CM/ECF system which shall cause service to be electronically made upon the following:

> Mr. William P. Langdale, III
> Ms. Christina L. Folsom
> Langdale Vallotton, LLP
> 1007 North Patterson Street
> Post Office Box 1547
> Valdosta, Georgia 31603

Mr. Joel E. Cape
Mr. Garrett W. Thalgott
Frilot, LLC
1100 Poydras Street
3700 Energy Centre
New Orleans, Louisiana 70163-3700

I hereby certify that I have mailed a true and correct copy by U.S. mail to the

following party addressed as follows:

Georgia Crop Improvement Association, Incorporated
c/o Mr. Terry Hollifield
Its Registered Agent of Service
2425 South Milledge Avenue
Athens, Georgia 30605

This the 15th day of October 2010.

FLYNN PEELER & PHILLIPS, LLC

**/s/Charles E. Peeler**
CHARLES E. PEELER
Georgia State Bar No. 570399
Post Office Box 7 (31702)
517 West Broad Avenue
Albany, GA 31701
Telephone: 229-446-4886
Fax: 229-446-4884
Email: cpeeler@fpplaw.com