IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| FLORIDA FOUNDATION SEED PRODUCERS, INC.  :<br>          :<br>     Plaintiff,       :<br>          :<br>vs.         :<br>          :<br>GEORGIA FARM SERVICES, LLC,  :<br>*et al.,*        :<br>          :<br>     Defendant.      : | CASE NO.:  1:10-cv-125   (WLS) |

# INITIAL DISCOVERY ORDER
# RULES 16 AND 26 ORDER

## PART I

### PROPOSED SCHEDULING/DISCOVERY ORDER

Pursuant to Fed. R. Civ. P. 26(f), Counsel in the captioned case, and any Party if unrepresented, shall confer, and shall discuss during such conference the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the captioned case.  They shall also arrange for the disclosures required by subdivision (a)(1) (initial disclosures) of Rule 26, Fed. R. Civ. P., and develop a proposed discovery plan which shall include the items set out at Rule 26(f)(1)-(4) which a Party or parties may believe to be appropriate for application during the discovery process in this case.

The parties shall prepare and submit a joint proposed scheduling / discovery order not later than **NOVEMBER 16, 2010,**, *which is to be <u>e-mailed</u> in word processing format to the appropriate division Clerk's Office mailbox via the Court's*

-1-

*internet site  (www.gamd.uscourts.gov)* . The proposed order shall include, pursuant to Rule 16(b), Fed. R. Civ. P., suggested time limits: (1) to join other parties and to amend the pleadings; (2) to file motions both potentially dispositive and non-dispositive; and (3) to complete discovery, not to exceed **180 days**.  In addition, the proposed order shall include:  (a) a statement of the issues;  (b) each plaintiff's and each defendant's statement of essential facts; (c) the existence and nature of any complex issue(s) or discovery matter(s); (d) the existence and identity of any related action or  case; (e) a statement of the parties' production or plan for the production of the disclosures required by Rule 26(a)(1); and (f) any additional matter either Party believes should be addressed in order to facilitate discovery and the ultimate disposition of the action.  It is the Court's expectation that absent good cause shown, all discovery will be completed within **180 days**  after the filing of responsive pleadings, entry of the discovery/scheduling order if no significant discovery has been engaged in prior to submission of the proposed discovery order or after entry of an order lifting a stay of discovery or  filing  responsive pleadings.  If the parties, after conferring, believe a longer discovery period is necessary, the parties shall so state and give the reasons in the proposed order.   The proposed scheduling/ discovery order will be carefully considered by the Court  in conference with Counsel and any unrepresented Party and,  subject to such changes as may be deemed appropriate and as may be discussed with counsel and any  unrepresented Party, adopted by the Court.

     Nothing in this Order is intended to prevent counsel from entering into voluntary discovery or the exchange of documents, etc., as may be agreed to by counsel or the parties in advance of the entry of the scheduling/discovery order.  However, the Court will not entertain any motion by any counsel or Party alleging non-compliance with any such voluntary discovery prior to the entry of the

scheduling/discovery order, except that the Court will entertain motions based on an allegation that a Party has failed to comply with the provisions of Fed. R. Civ. P. 26(a)(1) or a prior order of the Court regarding discovery.

## PART II
### INITIAL SCHEDULING/DISCOVERY CONFERENCE WITH THE COURT

Lead counsel for the Plaintiff(s) and Defendant(s) and any unrepresented Party in the captioned case are ordered to appear at the **C. B. King United States Courthouse** located at **201 W. Broad Avenue, ALBANY, Georgia** on **NOVEMBER 23, 2010, at 3:30 P.M.** for an initial scheduling/discovery conference in the captioned case. Counsel should be prepared to discuss in detail the nature of the case and any factor which should limit discovery or cause discovery to be extended.

Counsel should also be prepared to discuss and identify a potential trial date for the final disposition of the case. It is recommended that counsel and any unrepresented Party, arrive early so as to allow for meaningful discussion of these and any other relevant issues prior to the conference with the Court.

The Court notes and reminds lead counsel and any unrepresented Party, that preparation of the proposed scheduling /discovery order and the initial discovery conference are important to the efficient and effective processing and disposition of the case and their attendance at the initial scheduling/discovery conference is required. A failure of counsel or any unrepresented Party to appear as directed and ordered may result in a citation of contempt or other appropriate sanction. The scheduling/discovery conference will proceed in the absence of any previously un-excused counsel or unrepresented Party.

Any Party's unexcused absence at a scheduling/discovery conference and/or unexcused failure to file the requisite proposed scheduling/discovery order may

result in the Court's formation and imposition of a scheduling/discovery order of its own accord and/or upon the input of any complying Party, pursuant to the Federal Rules of Civil Procedure.

## PART III

## LIMITATIONS ON DISCOVERY AND FILINGS

Pursuant to Rule 5, Fed. R. Civ. P., as amended, and Local Rule 5.1, as amended, the routine filing of discovery is prohibited. Specifically, disclosures under Fed. R. Civ. P. 26(a)(1) or (2) and the following discovery requests and responses shall not be filed until they are used in the proceeding in a matter before the Court for consideration or the Court orders filing: (I) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admissions. Any of the above-described discovery documents not filed in accordance with the aforesaid amended rules will be returned to the filer.[1]

Local Rule 33.1 limits interrogatories to 25 to each Party; Local Rule 34 limits requests for production to 10 per Party; and, Local Rule 36 limits requests for admission to 15 per Party. Any objection to or complaint regarding discovery that is not timely produced or responded to must be brought to the attention of the Court by motion to compel or for protective order from the Party requesting said discovery or production or required to respond or produce. Motions shall be filed in accordance with the Court's "21/21/21 Rule", i.e., unless extended by the Court upon a timely showing of good cause by either Party upon written motion, all said motions to compel discovery or for protective order shall be filed within **21 days** of the date on which the response(s) or production is due under the Federal Rules or

---

[1] When such discovery is filed appropriately pursuant to the amended rules after use by a Party in a pleading or in support thereof, a certification of the same shall accompany the filing stating that the same is in compliance with the amended rules. Personally identifying information shall be redacted and filed in compliance with Local Rule 8.

due as established by agreement of the parties or **21 days** of the receipt of an allegedly unresponsive or inadequate response or production, and not later than **21 days** after the close of discovery, whichever first occurs.   Said motion shall also comply with the provisions of Fed. R. Civ. P. 37.  Mandatory interrogatories are no longer  required, and therefore,  shall not be filed.

### MOTION TO DISMISS PENDING

The parties are advised that if a motion to dismiss has been filed and is pending, the parties may <u>jointly</u> move the Court to stay discovery if all parties agree that no discovery is necessary to support or oppose the motion which if granted would be dispositive of all claims or significant claims thus eliminating or substantially reducing the need for discovery.  Upon the parties' joint motion, the Court will stay discovery pending its ruling on the motion to dismiss.  If the parties jointly wish to stay discovery on the aforesaid basis they should file a consent motion seeking such a stay within **14 days** of the date of this order.  In that event only, the parties will be relieved of the necessity of filing a proposed scheduling/discovery order until further order of the Court.

### NOTICE TO COUNSEL REGARDING FAXED DOCUMENTS TO THE COURT

During the pendency of the above-styled case, there will be no pleadings, letters or documents faxed to the Court without prior permission of the Court.  Permission will be given only under such extraordinary circumstances that may require such filing.  See Local Rule 5.2.

### NOTICE TO COUNSEL REGARDING COPIES OF DOCUMENTS PROVIDED TO THE COURT

It is not necessary for counsel or a Party to provide copies of filed pleadings or briefs  to the Court.  However, if copies are provided they must be clearly stamped or

otherwise appropriately identified on their face as copies.

### NOTICE TO COUNSEL REGARDING
### JURY DEMAND FOR ACTION REMOVED FROM STATE COURT

Pursuant to Rule 81(c), Fed. R. Civ. P., if the above-captioned civil action was removed from a state court, and if the state law did not require an express demand for a jury trial, then it is hereby **ORDERED** that a jury trial will be waived if the Court does not receive express written demand for a jury trial by the above-stated due date of the joint proposed scheduling/discovery order.

### EX-PARTE COMMUNICATIONS PROHIBITED

Neither Counsel nor parties may engage in ex-parte communications to the Court regarding a case or matter pending before the Court.

### REQUESTS FOR ACTION

In order to insure that requests for action, i.e., continuances, extensions, stays, etc., by the Court are promptly brought to the Court's attention and so that all parties are promptly and adequately notified, all requests shall be by written motion filed in a timely manner, not by telephone, letter, or facsimile unless unavoidable due to circumstances beyond the requestor's control and after all reasonable steps have been taken to notify opposing counsel or Party. The requestor shall include the fact of said notice to counsel or Party and/or the steps taken to provide notice.

**SO ORDERED**, this 25th day of October, 2010.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**