**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

FLORIDA FOUNDATION SEED PRODUCERS, INC.,

Plaintiff,

v.

GEORGIA FARMS SERVICES, LLC, and WILLIAM DOUGLAS WINGATE,

Defendants.

CASE NO.: 1:10-CV-125 (WLS)

GEORGIA FARM SERVICES, LLC,

Third-Party Plaintiff,

v.

GEORGIA CROP IMPROVEMENT ASSOCIATION, INCORPORATED,

Third-Party Defendant.

**DISCOVERY AND SCHEDULING ORDER**

A discovery conference was held in the above-styled action on **Tuesday, November 23, 2010**. In order to memorialize the Court's oral instructions at that conference, the Court hereby issues the following modifications to the amended joint proposed discovery and scheduling order.

Counsel for Plaintiff and Defendants/Third-Party Plaintiff represented to the Court that although counsel for Third-Party Defendant did not participate in the Rule 26(f) conference and therefore did not participate in formulating the proposed discovery plan, counsel for Third-Party Defendant had actual notice of the Rule 26(f) conference prior to its occurrence and had

approved the proposed discovery plan prior to the discovery conference before the Court. To ensure that Third-Party Defendant's interests are adequately represented, the Court provides Third-Party Defendant the opportunity to challenge any of the following discovery dates in a writing filed **within fourteen (14) days** of the date of entry of this Order.

The Court has advised the parties that they may mediate or otherwise engage in some form of alternative dispute resolution ("ADR") or settlement negotiations prior to completion of discovery. The time required to pursue some form of ADR or good faith settlement negotiations, not more than thirty (30) days, will not be charged against the parties during the discovery period. If, due to a good faith effort to resolve this matter through ADR, the parties need an extension for discovery up to thirty (30) additional days, this request must be made by written motion to the Court.

Following the discovery conference and representations of counsel, the Court makes the following modifications to the jointly executed amended proposed discovery and scheduling order, which is adopted and made part of this order to the extent it does not conflict with the instant order:

(1) Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), will be submitted by **Friday, December 3, 2010**.

(2) Fact discovery will be completed by **Monday, May 23, 2011**, unless extended by the Court for good cause shown upon written motion by either party.

(3) Any discovery requests filed by a party upon another party shall be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Fed. R. Civ. P. prior to the expiration of the designated discovery period, including any extension of the discovery period as

provided by order of the Court. A respondent is relieved from responding to discovery requests that do not meet this requirement.

(4) The deadline by which all motions to join other parties or amend the pleadings is **Tuesday, February 15, 2011**.

(5) Unless discovery is extended, all dispositive motions must be filed no later than **Wednesday, June 15, 2011**, unless extended by Order of the Court.

(6) Unless extended by the Court upon a showing of good cause by either party upon written motion, all motions to compel discovery shall be filed **within twenty-one (21) days of the date on which the response(s) was due or twenty-one (21) days of receipt of an allegedly inadequate response, and not later than twenty-one (21) days after the close of discovery**, whichever first occurs.

(7) Each party shall serve upon other parties disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)-(B) of the Federal Rules of Civil Procedure, by the following dates: **Plaintiff's Case-in-Chief – Wednesday, March 2, 2011; Defendant's Case-in-Chief – Monday, April 4, 2011**.

(8) Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under **Daubert**, Rules 104(a), 702, and 703 of the Federal Rules of Evidence, shall be filed not later than **fourteen (14) days** after notice of the pre-trial and heard at the pre-trial conference.

(9) Any objections to proffered testimony of any expert witness (who will testify at trial through his or her deposition) shall be raised at the pre-trial conference.

Based upon the foregoing schedule, this case should be ready for trial to commence during the Court's **January 2012, Albany Trial Term** beginning **Tuesday, January 3, 2012,** or as may be otherwise ordered by the Court.

The parties are reminded that, in order to move cases expeditiously, the Court will strictly enforce Local Rule 6.2. Accordingly, should any party request an additional extension of time for filing motions, pleadings, responses, or other documents, beyond that granted by the Clerk or his deputy **when permitted** without leave of Court, such written request shall be made by written motion which must be filed in the Clerk's office no later than **two (2) business days** before the expiration of the extension granted by the Clerk **or before the expiration of the time period sought to be extended, whichever applies**. This motion shall state why an additional extension is needed. The Court notes that an extended period of discovery has been established in this case. Therefore, the parties are to act expeditiously in a good faith effort to complete discovery as scheduled.

The parties are further reminded that, pursuant to Local Rule 56, parties must include a separate, short, and concise statement of material facts, including specific reference to the relevant documents which support such contentions. Failure to comply with Local Rule 56 may result in the denial of the motion or rejection of the response. Additionally, the parties are instructed not to file **Daubert** motions as part of dispositive motions or based on **Daubert**, except in the manner set forth hereafter. As the resolution of **Daubert** motions necessarily requires a hearing and/or the weighing of facts, it is not appropriate to merge the two types of motions into one pleading. Therefore, if a dispositive motion requires the resolution of a **Daubert** issue, *e.g.*, where an identified expert is required to make out a *prima facie* claim or defense, said motion shall be filed in advance of such dispositive motion or separately and

contemporaneously therewith. Doing so will insure a separation of fact finding or evidence weighing by the Court which is not generally commensurate with the consideration of dispositive motions.

Further, in accordance with the Court's oral pronouncements at the Discovery Conference, all evidence produced by a party in response to a discovery request made under the Federal Rules of Civil Procedure is deemed to be authenticated, and no other proof of authentication for admission at trial is necessary, unless the producing party specifically notes in writing and contemporaneously with production of the evidence to the requesting party the grounds for waiver of or objection to the presumption of authentication. Substantive objections are not waived by said production.

**SO ORDERED**, this 24th day of November, 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**