**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **FLORIDA FOUNDATION SEED PRODUCERS, INC.,** )<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. ) | **CASE NO.: 1:10-CV-125 (WLS)** |
| )<br>**GEORGIA FARM SERVICES, LLC, and**<br>**WILLIAM DOUGLAS WINGATE,** )<br>)<br>) | |
| Defendants. )<br>) | |
| **GEORGIA FARM SERVICES, LLC** )<br>) | |
| Third-Party Plaintiff, )<br>) | |
| v. )<br>) | |
| **GEORGIA CROP IMPROVEMENT**<br>**ASSOCIATION, INCORPORATED,** )<br>)<br>) | |
| Third-Party Defendant. )<br>) | |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, Florida Foundation Seed Producers, Inc. brings this First Amended Complaint and Jury Demand against Defendants, Georgia Farm Services, LLC, Great Southern Peanut, LLC, and William Douglas Wingate. Plaintiff asserts the following allegations in support of this first amended complaint:

**The Plaintiff**

1. Florida Foundation Seed Producers, Inc. ("FFSP") is a University of Florida "direct-

331161                             1

support organization" established as a non-profit corporation existing under the laws of the state of Florida[1] with its principal place of business in Marianna, Florida.

### The Defendants

2. Defendant, Georgia Farm Services, LLC is a limited liability company organized under the laws of state of Georgia with its principal place of business in Leesburg, Georgia.

3. Defendant, Great Southern Peanut, LLC is a limited liability company organized under the laws of the state of Georgia with its principal place of business in Leesburg, Georgia.

4. Defendant, William Douglas Wingate is an individual that is over the age of majority, and is a resident and domiciliary of Dougherty County, Georgia.

### Jurisdiction and Venue

5. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims arise under the laws of the United States, as well as 28 U.S.C. § 1338, which grants the district courts original jurisdiction over any civil action arising under any Act of Congress regarding plant variety protection. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case and controversy to the claims for which the district court has original jurisdiction.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

---

[1] F.S.A. § 1004.28.

331161 2

**General Allegations**

7. The Florida Agricultural Experiment Station ("FAES") is a world-renowned research organization in agriculture and natural resources and carries out the research mission of the Institute of Food and Agricultural Sciences of the University of Florida. In fulfilling its research mission, FAES has conducted extensive research in food and horticultural crops, with the aim of improving production practices, developing new and novel varieties of crops and plants, and developing desirable traits and characteristics of such crops and plants. The results of many years of research and the investment of significant economic resources by FAES have led to the development of improved agricultural commodities, food crops, and agronomic methods. Advances by FAES in agricultural research have provided enhanced crops and greater opportunities for growers to produce a stable and abundant food supply.

8. One area of research by FAES has focused on the development of peanut varieties that have enhanced agronomic characteristics, such as improved yields and resistance to plant pests and diseases. FAES has also sought to improve the healthful characteristics of peanuts, and it has developed varieties that have enhanced oleic acid profiles, resulting in peanuts and peanut oils that promote better human cardiovascular health. One such improved peanut variety developed by FAES is the "Florida-07" variety.

9. The "Florida-07" peanut variety is protected under the Plant Variety Protection Act, 7 U.S.C. § 2481 *et seq.* ("PVPA"), which grants patent-like protection to novel varieties of sexually reproduced plants such as peanuts. PVP Certificate No. 200800069 was issued to FAES for the "Florida-07" peanut variety on June 5, 2008.[2]

10. The PVPA also gives the owner of a protected variety the option of specifying that all sales of the variety be made only as a class of certified seed, meaning that the seed must

---

[2] A copy of PVP Certificate No. 200800069 is attached hereto as **Exhibit A**.

331161                                                        3

complete a certification process which approves its variety and purity. The PVP Certificate for "Florida-07" specifies that it may only be sold as a class of certified seed.

11.     FFSP facilitates the licensing of intellectual property rights obtained by way of the research activities of the FAES, including those rights granted under the Plant Variety Protection Act. In short, Florida Foundation Seed Producers, Inc. assists the University of Florida and the Florida Agricultural Experiment Station in commercializing their protected intellectual property, including plant varieties protected by the Plant Variety Protection Act.

12.     FAES assigned its entire right, title, and interest in PVP Certificate No. 200800069 to FFSP. Thus, FFSP is the owner of PVP Certificate No. 200800069 and is entitled to enforce the rights granted by the Certificate.

13.     FFSP licenses the production of "Florida-07" peanut seed to seed producers through a limited-use license, also referred to as a "Seed Agreement." This license grants a limited right to produce "Florida-07" peanut seed and to sell that seed to peanut growers.

14.     Among other things, the terms of the limited-use license requires that any and all sales of "Florida-07" seed be completed only as a class of certified seed. Thus, sales of uncertified "Florida-07" peanut seed are prohibited. The license also mandates the labeling of each seed bag and each invoice with a notice that "Florida-07" is protected by certain U.S. intellectual property rights, and the communication of actual notice of the intellectual property rights to purchasers of the seed.

15.     Georgia Farm Services, LLC ("GFS") executed a Seed Agreement to produce and market "Florida-07" peanut seed which became effective on January 21, 2009.

16.     During the 2009 growing season, GFS used "Florida-07" peanut seed that it obtained from FFSP to grow and produce Florida-07 peanut seed for eventual retail sale.

17.     At the conclusion of the 2009 growing season, GFS received "Florida-07" peanuts from individual growers for conditioning and processing as peanut seed. On information and belief, GFS delivered, shipped, consigned, or otherwise transferred these Florida-07 peanuts to Great Southern Peanut, LLC ("Great Southern") for conditioning and processing as peanut seed.

18.     On information and belief, Great Southern conditioned Florida-07 peanuts for the purpose of propagation, and stocked Florida-07 peanuts in order to sell, offer to sell, deliver, ship, or otherwise transfer those peanuts for further propagation and planting.

19.     In the spring of 2010, just prior to peanut planting season, either GFS, or Great Southern, or both, offered to sell, and sold, four (4) lots of uncertified "Florida-07" peanut seed to peanut growers for planting.

20.     On information and belief, GFS, or Great Southern, or both of them, still has at least ten (10) lots of uncertified "Florida-07" peanut seed in its inventory.

21.     Defendant, Great Southern, has never obtained a license from FFSP to use, sell, market, condition, stock, or otherwise handle Florida-07 peanut seed, and has therefore never been authorized to engage in such activities with regard to Florida-07 peanut seed.

**COUNT ONE -Infringement of Plant Variety Protection Certificate (All Defendants)**

22.     Each and every allegation set forth in the above numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

23.     A variety owner's PVPA rights are infringed under 7 U.S.C. § 2541 when, among other things, the protected variety is offered for sale, or sold, without the authority of the owner, or the variety is distributed in a form that can be propagated without notice that it is a protected variety. PVPA rights are also infringed when a protected variety is delivered, consigned, transferred,

conditioned for propagation, or stocked for infringing purposes, without the authority of the owner.

24. At all relevant times, GFS and Great Southern had actual notice that "Florida-07" was protected by a PVP Certificate.

25. As set forth above, GFS, or Great Southern, or both of them, offered for sale, and sold, uncertified "Florida-07" peanut seed without authorization in violation of 7 U.S.C. § 2541. Accordingly, Plaintiffs have a right of civil action against GFS pursuant to 7 U.S.C. § 2561.

26. As set forth above, Great Southern conditioned Florida-07 peanuts for the purpose of propagation, and stocked Florida-07 peanuts in order to sell, offer to sell, deliver, ship, or otherwise transfer those peanuts for further propagation and planting in violation of 7 U.S.C. § 2541. Accordingly, Plaintiffs have a right of civil action against Great Southern pursuant to 7 U.S.C. § 2561.

27. Defendant, William Douglas Wingate, instigated, or actively induced, the unauthorized use and sale of "Florida-07" by GFS and Great Southern in violation of 7 U.S.C. § 2541. Accordingly, Plaintiffs' have a right of civil action against Wingate pursuant to 7 U.S.C. § 2561.

28. On information and belief, the Defendants have been, and may be continuing to, infringe by using, offering to sell, selling, or otherwise transferring "Florida-07" peanut seed without authorization, and will continue to do so unless enjoined by this Court.

29. Plaintiffs' are entitled to injunctive relief in accordance with the principals of equity to prevent the infringement of rights secured by the PVPA pursuant to 7 U.S.C. § 2563.

30. Plaintiffs' are entitled to damages equate to compensate for the infringement, although in no event less than a reasonable royalty, pursuant to 7 U.S.C. § 2564, together with interest and

cost to be taxed to the infringer.  Further, such damages should be trebled in light of the Defendants' knowing, willful, conscious, and deliberate infringement of the PVP rights at issue.

### COUNT TWO – Breach of Contract (Georgia Farm Services, LLC)

31. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

32. In January 2009, GFS entered into a limited-use licensing agreement with FFSP for the "Florida-07" peanut variety.  The license granted GFS limited rights to produce and sell "Florida-07" peanut seed subject to express conditions.  Among other things, the terms of the license required that the "Florida-07" be sold only as a class of certified seed and tagged as such.  The license also required that GFS provide actual notice to each purchaser of "Florida-07" peanut seed of the intellectual property rights and protections granted upon that seed.

33. GFS sold uncertified "Florida-07" peanut seed to growers for planting without authorization.  GFS also failed to provide its purchasers of "Florida-07" seed actual notice of the intellectual property protections granted to the "Florida-07" variety.

34. The conduct of GFS, as set forth above, breached the limited-use license with FFSP for the "Florida-07" peanut variety.

35. As a direct and proximate result of this breach, FFSP has been damaged and is entitled to damages for the breach of the limited-use license.

### COUNT THREE – Conversion (All Defendants)

36. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

37. By offering to sell and selling Florida-07 peanut seed without authority, Defendants intentionally and willfully exercised dominion, ownership, and control over the Florida-07

variety which was the property of FFSP under the terms of the Plant Variety Protection Certificate, and which can only be sold pursuant to an express and limited use license from FFSP.

38.    Defendants' conversion of FFSP's property was malicious and willful.

39.    As a result, FFSP is entitled to damages equal to the value of the Florida-07 peanut seed at the time of the conversion; an amount to be proven at trial.

40.    As Defendants' conversion of FFSP's property rights was malicious and willful, FFSP is entitled to punitive damages.

### COUNT FOUR – Unjust Enrichment (All Defendants)

41.    Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

42.    Defendants' conduct, as described in the above-numbered paragraphs, has resulted in a benefit being conferred upon and appreciated by Defendants, in that Defendants illegally sold, offered to sell, or otherwise transferred uncertified Florida-07 variety peanut seed in contravention of FFSP's Plant Variety Protection Act rights.

43.    As a result, Defendants have been unjustly enriched and obtained profits that in equity and good conscious belong to FFSP.

44.    Defendants' acceptance and retention of these benefits under the circumstances render Defendants' retention of these benefits inequitable.

45.    As a result, FFSP is entitled to damages in an amount equal to at least the applicable sales price of the Florida-07 seed.

### Request for Jury Trial

46.    Plaintiffs demand a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff Florida Foundation Seed Producers, Inc. respectfully requests that Defendants, Georgia Farms Services, LLC, Great Southern Peanut, LLC, and William Douglas Wingate, be required to appear and answer the allegations of this First Amended Complaint, and that after due proceedings are had, there be judgment in favor of Plaintiff and against Defendants for the following remedies:

A. Entry of judgment that Defendants are infringing and have infringed Plaintiff's PVPA rights, and that such infringement has been willful;

B. Entry of an injunction against Defendants enjoining them from selling or otherwise transferring any "Florida-07" peanut seed;

C. Entry of a permanent injunction against Defendants enjoining them from using, offering for sale, selling, dispensing, conditioning, or stocking "Florida-07" peanut seed, and requiring the destruction of all remaining "Florida-07" peanut seed in Defendants' inventory;

D. Entry of judgment for damages for the infringement of Plaintiff's PVPA rights;

E. Entry of judgment for damages, together with interest, costs, and attorney's fees, to compensate for the unlawful breach of contractual rights by Defendants;

F. Entry of judgement for damages, together with interest and costs, to compensate FFSP for the conversion of its property by Defendants;

G. Entry of judgement for damages, together with interest and costs, to compensate FFSP for the Defendants' unjust enrichment and the profits obtained that in equity and good conscious belong to FFSP;

H. Entry of judgment for costs, expenses, and attorney's fees incurred by Plaintiff; and

I.    Such other relief as may be just and proper.

Respectfully submitted,

William P. Langdale, III
Christina L. Folsome
**Langdale Vallotton, LLP**
1007 N. Patterson St.
Valdosta, GA 31602
Telephone: 229-244-5400
Facsimile: 229-244-0453
plangdale@langdalelaw.com

**and**

/s/ Joel E. Cape
Joel E. Cape (LA. Bar #26001)
Garrett W. Thalgott (LA. Bar #30970)
**FRILOT, L.L.C.**
1100 Poydras Street
3700 Energy Centre
New Orleans, LA  70163-3700
Telephone:    504-599-8012
Facsimile:    504-599-8112
jcape@frilot.com
gthalgott@frilot.com

**Attorneys for Plaintiff Florida Foundation Seed Producers, Inc.**