**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| FLORIDA FOUNDATION SEED PRODUCERS, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| GEORGIA FARMS SERVICES, LLC, GREAT SOUTHERN PEANUT, LLC, and WILLIAM DOUGLAS WINGATE, | : : : : : | |
| Defendants. | : : | CASE NO.: 1:10-CV-125 (WLS) |
| GEORGIA FARM SERVICES, LLC, | : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| GEORGIA CROP IMPROVEMENT ASSOCIATION, INCORPORATED, | : : : : | |
| Third-Party Defendant. | : : | |

**ORDER**

Presently pending before the Court is Defendants' Motion for Reconsideration (Doc. 181).

**I.   Legal Standard:**

As the Eleventh Circuit noted in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993), relief granted from motions for reconsideration are within "the sound discretion of the district judge." This Court's Local Rules address motions for reconsideration, providing in relevant part that:

1

> **7.6 MOTIONS FOR RECONSIDERATION.** Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment.

M.D. Ga. Local R. 7.6.

Additionally, it is the longstanding practice of this Court to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

## II. Defendant's Motion for Reconsideration

Defendant argues that: (1) the Court should reconsider its finding that GSP has never been authorized by Plaintiff to propagate, condition, sell, offer to sell, or otherwise use the Florida-07 variety for any purpose; and (2) that the Court should reconsider its finding that the sale of Florida-07 peanuts to the edible market violates the PVPA as a matter of law. (Doc. 181 at 1, 3.)

To bolster its argument relating to GSP's alleged authorization, Defendant again cites to a March 25, 2009, email between Defendants and the University of Florida wherein the University of Florida stated that it was "okay with issuing the tags in the name of the new company, Great Southern Peanut." (Doc. 181 at 2.) Defendants argue that the email presents a fact issue as to whether GSP had authorization to handle Florida-07 seed. In response, Plaintiff asserts that Defendants' argument is no different than the argument presented in the summary judgment briefing, where Defendants

argued that GSP did not violate the PVPA because GCIA and the University of Florida were notified of the relationship between Defendant GFS and GSP.

The Court addressed the question of whether GSP had authorization to handle Florida-07 seed in its previous order. Specifically, the Court held:

> Nor is the Court convinced the alleged notice provided to GCIA and the University of Florida authorizes the sale. The Seed Agreement states in Section 2(a) that "[n]o Plant Material supplied or originating from the Plant Material produced under this Agreement will be used for any purpose other than that stated in this Agreement without the express written permission of FFSP." Defendants offer no authority that states that the provisions of a licensing agreement between a licensee and a licensor that has been assigned all rights under a plant variety certificate should be discarded when the licensee bypasses the licensor and notifies the original bearer of the certificate of a change in corporate structure. It is undisputed that Plaintiff did not provide written permission to authorize GFS to sublicense conditioning and stocking to GSP.
>
> Under 7 U.S.C. § 2541(a)(7), conditioning a protected variety for the purpose of propagation without authority is considered infringement. Moreover, under § 2541(a)(8), stocking the variety for conditioning for the purpose of propagation without authority is considered infringement. The record reflects that GSP did not have a license or any authority from Plaintiff to condition, stock, or take any action with regard to the Florida-07 variety.

(Doc. 180 at 18-19.) No intervening change in the law has been offered. (*See generally* Doc. 181). Nor do Defendants offer any newly available evidence. Defendants simply resubmit the same argument as to GSP's authorization to handle Florida-07 seed. Accordingly, the Court finds that nothing Defendants provide supports a grant of their Motion for Reconsideration on GSP's alleged authorization to handle Florida-07 seed.

With respect to Defendants' second argument – that the sale of Florida-07 peanuts to the edible market does not violate the PVPA – Defendants again ask the Court to insert new provisions in the relevant statute and narrow the scope of

3

infringement to exclude the sale of seed to the edible market. Defendants again turn to extrinsic evidence to support their theory, despite the Court's inability to resort to extrinsic evidence where the express contract terms are clear and unambiguous, as they are in the License Agreement. *See Fecteau v. Southeast Bank, N.A.*, 585 So. 2d 1005, 1007 (Fla. Dist. Ct. App. 1991). The Court addressed this argument in full in its previous Order, holding that:

> Defendants argue that under the PVPA, only sales of seed for propagation purposes infringe the certificate holder's rights. As the relevant sale of seed was for consumption rather than propagation, Defendants assert that no violation of the PVPA occurred. The foundation of Defendants' argument derives from the Supreme Court's 1995 decision in *Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 181 (1995), in which the Court stated, "the PVPA "protects owners of novel seed varieties against unauthorized sales of their seed for replanting purposes." However, Defendants' reading of *Asgrow* fails to account for the context of the case – the Court was re-examining the then-available saved-seed exemption for farmers. The Court determined that the saved seed exemption meant "seed saved for replanting…not merely crop that is stored for later market sale or use as fodder." *Asgrow*, 513 U.S. at 188-89. However, in the same opinion, the Court also observed that Section 2541(a)(1) of the PVPA "prohibits all unauthorized transfer of title to, or possession of, the protected variety." *Id.* at 191. Thus, as our sister district court found, "the most logical reading of the Supreme Court's use of "for replanting purposes" at the beginning of its opinion is not as a broad limitation on the protection the PVPA affords, but as the Court setting the stage for its later discussion of the then-applicable "saved seed exemption." *AGSouth Genetics, LLC v. Cunningham,* 2011 WL 1833016, at *5 (S.D. Ala. May 13, 2011).
> 
> Moreover, the language of the statute itself does not support Defendants' interpretation of *Asgrow*, as the infringement provision of the PVPA fails to mention "replanting" as a prerequisite to infringement. As the court found in *AGSouth Genetics*, the legislative history of the PVPA after the 1994 Amendment provides no indication that an intent to "replant" was ever considered to be a prerequisite to infringement. *Id.* at *6. In light of this context, the Court does not interpret *Asgrow* to provide an exemption from infringement when the sale of seed is for "other than reproductive purposes." Rather, under 7 U.S.C. § 2541, any sale occurring outside of the authority of the certificate holder is considered an infringing act.
> 
> Section 2541(a)(1) of the PVPA states that "it shall be an infringement of the rights of the owner of a protected variety to…without authority…sell or market the protected variety." There is no dispute that

4

the Florida-07 variety is a protected variety, and that Plaintiff is the owner of the Florida-07 variety. Moreover, as stated above, the record demonstrates that GSP has never been authorized by Plaintiff to propagate, condition, sell, offer to sell, or otherwise use the Florida-07 variety for any purpose. (Doc. 116-1 at 1-3; Doc. 115-2 at 99-104). The record also shows that GSP sold 558,076 pounds of Florida-07 seed for non-seed purposes in various commercial sales. (Doc. 115-2 at 32-87). Accordingly, the Court finds that no genuine issue of material fact remains as to whether GSP's sale of 558,076 pounds of Florida-07 seed for non-seed purposes in various commercial channels violated 7 U.S.C. § 2541(a)(1) and infringed Plaintiff's right as the owner of a protected variety, the Florida-07.

Defendants now cite to *AGSouth Genetics, LLC v. Cunningham*, 2011 WL 1833016, (S.D. Ala. May 13, 2011), to assert that the question of infringement on non-seed sales is not a matter of law, but rather a question for the jury to decide. In *AGSouth*, the defendant, relying on the Supreme Court's decision in *Asgrow*, moved for summary judgment of non-infringement on the theory that to infringe the PVPA, the seed must have been sold for replanting. The court denied the defendant's motion, finding that: (1) the question before the Court was strictly that of statutory interpretation, and therefore appropriate for summary judgment; and (2) the court would not grant the defendant judgment as a matter of law on a novel or contrary interpretation of the law. *Id.* at *5. The Plaintiffs in *AGSouth* did not move for summary judgment of infringement; therefore, the question of infringement was never before the court to decide. In the instant case, there are no facts in dispute, Plaintiff has moved for summary judgment of infringement, the terms of the contract are unambiguous, and as the court in *AGSouth* held, when the only issue is a question of statutory interpretation, it is appropriate to decide that issue by summary judgment. *AGSouth*, while instructive, does not dictate the result in the instant case.

5

Defendants have identified no intervening change in the law or clear error and have presented no new evidence that would require the Court to grant the Motion for Reconsideration. Accordingly, the Court finds that Defendants have failed to meet the standard necessary for relief on a motion of reconsideration with respect to their argument that the sale of Florida-07 peanuts to the edible market does not violate the PVPA.

For the foregoing reasons, Defendants' Motion for Reconsideration (Doc. 181) is **DENIED**.

**SO ORDERED**, this 26th day of June, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**