**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| FLORIDA FOUNDATION SEED PRODUCERS, INC., | : : : : | |
| Plaintiff, | : : | |
| v. | : : : | |
| GEORGIA FARMS SERVICES, LLC, GREAT SOUTHERN PEANUT, LLC, and WILLIAM DOUGLAS WINGATE, | : : : : : : | |
| Defendants. | : : | CASE NO.: 1:10-CV-125 (WLS) |
| GEORGIA FARM SERVICES, LLC, | : : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : : | |
| GEORGIA CROP IMPROVEMENT ASSOCIATION, INCORPORATED, | : : : : | |
| Third-Party Defendant. | : : | |

**ORDER**

Presently pending before the Court is Plaintiff's Motion in Limine. (Doc. 198.) For the following reasons, Plaintiff's Motion in Limine (Doc. 198) is **GRANTED.**

**BACKGROUND**

On September 23, 2010, Plaintiff brought suit against several Defendants alleging violations of the Plant Variety Protection Act ("PVPA"), 7 U.S.C. § 2481, *et seq.* (Doc. 1 at ¶ 8.) Plaintiff alleged that it licenses the production of "Florida-07" peanut seed to seed producers through a limited-use license, known as a "Seed Agreement." (*Id.* at ¶

1

12.) Plaintiff claimed that it entered into a Seed Agreement with Georgia Farm Services, LLC ("GFS") on January 21, 2009. (*Id.* at ¶ 14.) Plaintiff alleged that Defendants breached the Seed Agreement and the PVPA. (*Id.* at ¶¶ 15-16.)

In their Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 144 at 11) and Motion for Reconsideration (Doc. 181 at 4), Defendants argued that the sale of seed into the edible market did not violate the PVPA or the Seed Agreement. In their Motion for Reconsideration, in support of this contention, Defendants cited the deposition testimony of four employees of different peanut shelling companies, Joe West, Clarence "Buddy" Thomas, Joe Campbell, and Richard Crozier. (*Id.*) Defendants now seek to introduce those witnesses' deposition testimony at trial. (*See* Doc. 188.)

On October 11, 2012, Plaintiff filed the instant Motion in Limine seeking to limit the introduction of the above-mentioned deposition testimony at trial. (Doc. 198 at 2.) Plaintiff claims that their testimony should be excluded because it is extrinsic evidence improperly intended to aid the jury in construing the Seed Agreement, which Plaintiff contends has already been construed by this Court. (*Id.* at 1.) Plaintiff also contends that the witnesses' deposition testimony constitutes improper expert testimony. (*Id.* at 4.) Defendants have not filed a response. (*See generally* Docket.)

## ANALYSIS

In Florida,[1] courts are bound by clear and unambiguous contractual terms. *Emerald Point Prop. Owners' Ass'n, Inc. v. Commercial Constr. Indus., Inc.*, 978 So. 2d 873, 877 (Fla. Dist. Ct. App. 2008). Such contracts are to be construed by the court as a matter of law. *Lambert v. Berkley S. Condo. Ass'n, Inc.*, 680 So. 2d 588, 590 (Fla. Dist. Ct. App. 1996) (citing *BMW of N. Am., Inc. v. Krathen*, 471 So. 2d 585 (Fla. Dist. Ct.

---

[1] The Seed Agreement contains Florida choice of law provisions. Thus, Florida law governs the interpretation of the Seed Agreement and Plaintiff's contract claims.

App. 1985)). Extrinsic evidence, including industry custom and usage, may not be introduced to vary, modify, or explain the terms of an unambiguous contract. *Emerald Point*, 978 So. 2d at 877-78. "Whether a document is ambiguous depends upon whether it is reasonably susceptible to more than one interpretation." *Lambert*, 680 So. 2d at 590 (citing *State Farm Fire & Cas. Co. v. De Londono*, 511 So. 2d 604 (Fla. Dist. Ct. App. 1987)).

Section 1(b) of the Seed Agreement defined "plant material" as "the entire plant including all seed, cell matter and genetic material transferred or inherited." (Doc. 124 at 1.) Section 2(a) states that "No Plant Material supplied, or originating from the Plant Material produced under this Agreement, will be used for any purpose other than that stated in this Agreement." (*Id.*) Section 6(d) states that "the Licensed Plant Material may <u>only be sold as a class of Certified seed</u>. In addition, all planting seed of the Licensed Plant Material must be from a Certified class of seed." (*Id.* at 3) (emphasis in original). Thus, although the Seed Agreement distinguishes "planting seed," its plain language prohibits the transfer of the protected seed for any purpose.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. In this Court's Order on the parties' motions for summary judgment (Doc. 180), and its Order Denying Defendants' Motion for Reconsideration (Doc. 212), the Court explained that the Seed Agreement is

3

unambiguous as a matter of law. (Doc. 180 at 13.) Extrinsic evidence may not be introduced to vary or explain its plain terms. *Emerald Point*, 978 So. 2d at 877.

Furthermore, industry custom and usage regarding the use of the word "seed," and whether the seeds at issue were sold into the edible market, are irrelevant. This Court has previously held that the PVPA and the Seed Agreement prohibit such transfers. (*See* Doc. 212 at 3-5.) The presentation of testimony on these issues at trial risks confusing the issues, misleading the jury, unduly delaying the trial, and wasting time. FED. R. EVID. 403. The Court will not permit Defendants to importune the jury with these matters.

Accordingly, Plaintiff's Motion in Limine (Doc. 198) is **GRANTED.** Defendants will not be permitted to present testimony relating to the interpretation of the contractual language contained in the Seed Agreement. (Doc. 124.)

**SO ORDERED**, this  23rd  day of September, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**