IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| FLORIDA FOUNDATION SEED PRODUCERS, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| GEORGIA FARMS SERVICES, LLC, GREAT SOUTHERN PEANUT, LLC, and WILLIAM DOUGLAS WINGATE, | : : : : : | |
| Defendants. | : : | CASE NO.: 1:10-CV-125 (WLS) |
| GEORGIA FARM SERVICES, LLC, | : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| GEORGIA CROP IMPROVEMENT ASSOCIATION, INCORPORATED, | : : : | |
| Third-Party Defendant. | : : | |

## ORDER

Presently pending before the Court is Plaintiff's Motion for Clarification of Summary Judgment Order (Doc. 182). For the following reasons, Plaintiff's Motion for Clarification of Summary Judgment Order (Doc. 182) is **GRANTED-IN-PART AND DENIED-IN-PART.**

I.  **Legal Standard:**

As the Eleventh Circuit noted in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993), relief granted from motions

1

for reconsideration are within "the sound discretion of the district judge." This Court's Local Rules address motions for reconsideration, providing in relevant part that:

> **7.6 MOTIONS FOR RECONSIDERATION.** Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment.

M.D. Ga. Local R. 7.6.

Additionally, it is the longstanding practice of this Court to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

## II. Plaintiff's Motion for Clarification of Summary Judgment Order

Plaintiff requests that the Court reconsider its finding that Defendant did not infringe under 7 U.S.C. § 2541(a)(3), as infringement under Section 2541(a)(3) can occur by sexual multiplication or by tuber propagation. Plaintiff argues that because peanuts are reproduced sexually by means of seed, infringement under Section 2541(a)(3) can be proven by sexual multiplication alone. Defendants agree that peanuts are sexually multiplied, but argue that no infringement under Section 2541(a)(3) occurred because no Defendant ever sexually multiplied or propagated the Florida-07 variety, and if a Defendant did propagate the seed, it was an authorized use.

As a preliminary matter, the Court must clarify a statement in its previous Order. In its findings of fact, the Court stated: "Subsequent to the termination of GFS's Seed

2

Agreement, both GFS and GSP began propagating a new Florida-07 seed crop." (Doc. 180 at 8.)  Upon review, the Court finds that the above statement should be stricken, and replaced with the following: "Subsequent to the termination of GFS's Seed Agreement, both GFS and GSP ***sought assistance in*** propagating a new Florida-07 seed crop."

Section 2541(a)(3) of the PVPA states that "it shall be an infringement of the rights of the owner of a protected variety to…without authority… sexually multiply, or propagate by a tuber or a part of a tuber, the variety as a step in marketing (for growing purposes) the variety."  In its previous order, the Court limited its analysis of infringement under Section 2541(a)(3) to propagation by tubers, finding that Plaintiff offered no evidence demonstrating that Defendants propagated the seed through the use of tuber or portions of tuber as a step in marketing.

After considering the parties' arguments, the Court agrees with Plaintiff that infringement under Section 2541(a)(3) can be proven through sexual multiplication of the Florida-07 crop.  Plaintiff also argues that Defendants' actions of: (1) contracting with three farmers to grow Florida-07 peanut crop using registered Florida-07 seed purchased from GSP; (2) entering the Florida-07 peanut crop contracted to the three farmers into the Georgia seed certification program (which is done solely for the purpose of propagating seed); and (3) receiving 474.29 tons of seed crop from the three farmers, constitutes sexually multiplying the Florida-07 seed.

In *Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 187 (1995), the Supreme Court held that "the act of planting and harvesting constituted 'sexual multiplication.' "  In the instant case, however, Defendants did not plant and harvest the seeds themselves, as they contracted the actual process of sexually multiplying the seeds to three farmers.

3

Such actions do not meet the definition of sexual multiplication set forth by the Supreme Court.[1] Moreover, infringement under Section 2541(a)(3) only exists when the propagation or reproduction was accomplished as a "step in marketing." In *Asgrow*, the Supreme Court held that sexually multiplying a variety 'as a step in marketing' "means growing seed of the variety for the purpose of putting the crop up for sale." *Asgrow* 513 U.S. at 188. Plaintiff offers no evidence that Defendants sold or intended on selling the Florida-07 seed harvested by the three farmers. Accordingly, the Court **DENIES** Plaintiff's Motion for Clarification of Summary Judgment Order (Doc. 182), except as modified above.

Upon review, the Court must now revisit one additional section of its September 28, 2012, Order. The Court previously found that both GFS and GSP infringed Plaintiff's rights under Section 2541(a)(5). Specifically, the Court found that:

> [A]fter Plaintiff had cancelled the Seed Agreement, GFS propagated a new Florida-07 seed crop, and that GFS transferred that crop of Florida-07 seed to GSP for conditioning. The record also shows that GSP has never been authorized by Plaintiff to propagate, condition, sell, offer to sell, or otherwise use the Florida-07 variety for any purpose. (Doc. 116-1 at 1-3; Doc. 115-2 at 99-104). Finally, the record shows that GSP sold 1559 bags of seed to three customers for the purpose of propagation after the cancellation of the Seed Agreement. (Doc. 115 at 17-19, 44; Doc. 115-1 at 1-3, Doc. 114-2 at 9-11). Accordingly, the Court finds that no genuine issue of material fact remains that: (1) GFS's propagation and sale of Florida-07 seed to GSP after the cancellation of the Seed Agreement; and (2) GSP's sale of 1559 bags of seed to three customers for the purpose of propagation after the cancellation of the Seed Agreement violated 7 U.S.C. § 2541(a)(5) and infringed Plaintiff's right as the owner of a protected variety, the Florida-07.

(Doc. 180 at 27.)

---

[1] They may, however, fall under various other provisions constituting infringement under the PVPA.

Plaintiff again argues that Defendants' actions of: (1) contracting with three farmers to grow Florida-07 peanut crop using registered Florida-07 seed purchased from GSP; (2) entering the Florida-07 peanut crop contracted to the three farmers into the Georgia seed certification program (which is done solely for the purpose of propagating seed); and (3) receiving 474.29 tons of seed crop from the three farmers, constitutes use of the Florida-07 seed to propagate or sexually multiply the variety.

Plaintiff's argument, which would make "use" as found in Section 2541(a)(5) equivalent to transferring possession of the seed or delivering the seed, violates " 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.' " *TRW, Inc. v. Andrews,* 534 U.S. 19, 31 (2001). Section 2541(a)(5) of the PVPA states "it shall be an infringement of the rights of the owner of a protected variety to…without authority… use seed which had been marked 'Unauthorized Propagation Prohibited' or 'Unauthorized Seed Multiplication Prohibited' or progeny thereof to propagate the variety." Section 2541(a)(1) of the PVPA states that to "sell or market the protected variety, or offer it or expose it for sale, deliver it, ship it, consign it, exchange it, or solicit an offer to buy it, or any other transfer of title or possession of it" infringes upon the rights of the owner of a protected variety. Thus, to give meaning to the phrase "use seed" as found in Section 2541(a)(5), it must mean something distinct from the actions set forth in Section 2541(a)(1), specifically, selling, delivering, shipping, or any transfer of title or possession of the seed. In light of the Supreme Court's holding in *Asgrow*, the Court finds that the phrase "use seed," when read in the context of its surrounding language of "to propagate the variety," means to

5

actively employ or handle seed marked with "Unauthorized Propagation Prohibited" or "Unauthorized Seed Multiplication" to sexually multiply or propagate the variety.

There is no dispute that the Florida-07 variety is a protected variety marked with the appropriate labels described above, and that Plaintiff is the owner of the Florida-07 variety. However, the record, as clarified above, does not demonstrate that GFS "propagated a new Florida-07 seed crop"; rather, it demonstrates that GFS contracted with three farmers to propagate a new Florida-07 seed crop. In light of the Supreme Court's holding in *Asgrow* that defined sexual multiplication and the Court's interpretation of the phrase "use seed" as found in Section 2541(a)(5), Defendant GFS's act of contracting the planting and harvesting of the seeds does not fall under Section 2541(a)(5) prohibition on using seed which had been marked "Unauthorized Propagation Prohibited" or "Unauthorized Seed Multiplication Prohibited" or progeny thereof to propagate the variety.

Similarly, while the record shows that GSP sold 1559 bags of seed to three customers for the purpose of propagation after the cancellation of the Seed Agreement, the Court does not find that the sale of seed alone falls under the statutory parameter of Section 2541(a)(5)—the use of the seed for sexual multiplication. Accordingly, in light of the law and upon review of its previous Order, the Court revises its September 28, 2012 Order and **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. 111) as to infringement under 7 U.S.C. § 2541(a)(5), and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 109) as to infringement under 7 U.S.C. § 2541(a)(5)**.**

Finally, in its Motion for Summary Judgment, Plaintiff alleges that Defendants' actions constituted willful infringement in violation of 7 U.S.C. § 2541(a)(3) and (5), and that Wingate induced GFS and GSP to infringement of 7 U.S.C. § 2541(a)(3) and (5). In

its September 28, 2012 Order, the Court denied Plaintiff's Motion for Summary Judgment on the issues of inducement and willful infringement. (Doc. 180 at 30, 32.) As stated above, the Court has found that, as a question of law, no Defendant infringed under 7 U.S.C. §§ 2541(a)(3) and (5). As such, no Defendant could willfully infringe either provision of the PVPA. Similarly, a finding of inducement requires a finding of direct infringement. As no Defendant was found to directly infringe under 7 U.S.C. §§ 2541(a)(3) and (5), Wingate could not induce GFS and GSP. Accordingly, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. 111) on the issue of willful infringement of 7 U.S.C. §§ 2541(a)(3) and (5) and on the issue of induced infringement under 7 U.S.C. § 2541(a)(10). The Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 109) on the issue of willful infringement of 7 U.S.C. §§ 2541(a)(3) and (5) and on the issue of induced infringement under 7 U.S.C. § 2541(a)(10).

For the foregoing reasons, Plaintiff's Motion for Clarification of Summary Judgment Order (Doc. 182) is **GRANTED-IN-PART AND DENIED-IN-PART** to the extent modified above**.** The Court also **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. 111) as to willful infringement under 7 U.S.C. § 2541(a)(5) and as to induced infringement under 7 U.S.C. § 2541(a)(10), and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 109) as to willful infringement under 7 U.S.C. § 2541(a)(5) and as to induced infringement under 7 U.S.C. § 2541(a)(10)**.** The Court's previously referenced Order (Doc. 180) is amended and modified as set out above. Plaintiff's claims for breach of contract (Count II), conversion claims against all Defendants (Count III), and unjust enrichment claim against Wingate and GSP (Count IV) remain in the case. Defendant's claim for negligent misrepresentation against GCIA

7

(Count III) also remains in the case.  The case will be set for the January 2014 trial term, which begins on January 6, 2014, by separate order of the Court.

**SO ORDERED**, this  25th  day of September, 2013.

/s/ W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**  
**UNITED STATES DISTRICT COURT**

8